**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2174
_____

HAI SHU LIU,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089-250-240)
Immigration Judge:  Honorable Michael W. Straus

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 24, 2013
Before:  RENDELL, GREENAWAY, JR. and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 25, 2013)
_____

OPINION
_____

PER CURIAM

Hai Shu Liu ("Liu") petitions for review of the Board of Immigration Appeals' ("BIA" or "Board") dismissal of her appeal. For the following reasons, we will dismiss her petition in part and deny it in part.

## I.

Liu, a Chinese citizen, entered the United States unlawfully and was charged with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present without being admitted or paroled. She sought asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") on the ground that she had been persecuted in China for practicing Falun Gong.

At her merits hearing before the Immigration Judge ("IJ"), Liu testified that in June 2006, she was practicing Falun Gong at a friend's home in China when police raided the house. She claimed that she attempted to escape by jumping out of a window; however, she seriously injured her ankle and was subsequently arrested. Officers took her to the police station, where they interrogated her about her Falun Gong practice for two or three hours. Liu told the IJ that, during the interrogation, the police punched her in the nose and hit her in the head with a baton. According to Liu, she was released after agreeing to report to the police every month, and promising to stop the practice of Falun Gong. She did not, however, report to the police as agreed, and officers came looking for her at her home. Liu testified that she fled China in January 2007, went to Bolivia, and eventually entered the United States unlawfully through Mexico.

2

The IJ denied Liu's applications for relief. First, the IJ found that Liu was ineligible for asylum because she had not filed her application within one year of arriving in the United States. The IJ then explained that, even if Liu's application had been timely, he would have nonetheless denied relief because he did not find her to be credible.[1] The IJ also denied Liu's requests for withholding of removal and CAT relief on the basis of his adverse credibility determination. In the alternative, the IJ determined that Liu had failed to establish eligibility for relief because she did not present corroborative evidence in the form of letters or affidavits from persons with whom she practiced Falun Gong in the United States. Upon review, the BIA agreed with the IJ's findings and dismissed Liu's appeal. This petition for review followed.

## II.

Subject to the exception discussed below, we have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's order of removal but may look to the IJ's decision to the extent that the BIA affirmed his conclusions. See Sandie v. Att'y Gen., 562 F.3d 246, 250 (3d Cir. 2009). We review factual findings for substantial evidence. See Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006). Under this standard, we must uphold those findings "unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001). We will uphold an adverse credibility determination under the substantial evidence standard "'unless any

---

[1] The agency also denied discretionary relief based upon Liu's arrests and conviction for

3

reasonable adjudicator would be compelled to conclude to the contrary.'" Lin v. Att'y Gen., 543 F.3d 114, 119 (3d Cir. 2008) (internal citation omitted).

## III.

Liu argues that the BIA erred in determining that her asylum application was untimely filed. "Under 8 U.S.C. § 1158(a)(2)(B), an alien must file an asylum application within one year of h[er] arrival in the United States," but an alien may be excused from timely filing if she demonstrates "to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect [her] eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." Jarbough v. Att'y Gen., 483 F.3d 184, 188 (3d Cir. 2007) (quoting 8 U.S.C. § 1158(a)(2)(D) in part; internal quotation marks omitted). However, § 1158(a)(3) deprives us of jurisdiction "to review a determination that an asylum petition was not filed within the one year limitations period, and that such period was not tolled by extraordinary circumstances." Id. (citation and internal quotation marks omitted). The REAL ID Act partially restores jurisdiction "to review constitutional claims and questions of law."[2] Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir. 2006) (citing 8 U.S.C. § 1252(a)(2)(D)). But "despite the changes of the REAL ID Act, factual or

_____

prostititution.
[2] The REAL ID Act applies because Liu's removal proceedings began after May 11, 2005. See Yuan v. Att'y Gen., 642 F.3d 420, 424 n.6 (3d Cir. 2011).

4

discretionary determinations continue to fall outside the jurisdiction of the court of appeals entertaining a petition for review." Id.

In determining that Liu had untimely filed her application, the BIA noted that Liu "did not establish with credible evidence the occurrence of the events that preceded the filing of her asylum application." (A.R. 2.) Here, Liu alleges that she did establish that her asylum application was timely filed. This argument is factual in nature, and Liu has not raised any legal questions regarding the agency's timeliness determination. We therefore conclude that § 1158(a)(3) prevents us from exercising jurisdiction over the agency's asylum determination,[3] see Sukwanputra, 434 F.3d at 634, and we will dismiss this part of the petition for review.[4] However, because the "time bar does not apply to requests for withholding of removal or relief under the CAT," we may reach those claims despite the untimeliness of Liu's asylum application. Abulashvili v. Att'y Gen., 663 F.3d 197, 202 n.6 (3d Cir. 2011).

The crux of Liu's claim is that she was detained and beaten by the police when authorities discovered her practicing Falun Gong in China. During her merits hearing before the IJ, Liu testified that authorities punched her in the nose, hit her on the head

---

[3] We note that we can review the adverse credibility determination in the context of withholding of removal and CAT relief.

[4] Accordingly, we need not reach Liu's argument that the agency erred in denying her asylum application as a matter of discretion because of her arrests and conviction for prostitution.

5

with a baton, and stabbed her in the face, ultimately dislocating the bridge of her nose. On cross-examination , Liu stated that her nose was broken during this altercation. However, the BIA noted that the medical records Liu provided did not list any facial or head wounds despite her testimony that she received treatment for these injuries. In light of Liu's failure to provide credible testimony, we conclude that the BIA plausibly determined that Liu was not eligible for withholding of removal or CAT relief.[5] See Muhanna v. Gonzales, 399 F.3d 582, 589 (3d Cir. 2005) (noting that an alien's "credibility, by itself, may satisfy [her] burden or doom [her] claim as to both withholding of removal and protection under the [CAT]").

## IV.

Having carefully reviewed the record, and finding the agency's decision to be supported by substantial evidence, we will dismiss Liu's petition for review in part and deny it in part.

---

[5] We therefore need not reach the agency's determination that Liu failed to meet her burden of proof by not corroborating her claim.